**STEPHENS, Plaintiff-Appellant, v. STEPHENS, Defendant-Appellee.**

Ohio Appeals, Tenth District, Franklin County.

No. 5522. Decided October 4, 1957.

James F. Little, Columbus, for plaintiff-appellant.

L. P. Henderson, John J. Chester, Columbus, for defendant-appellee.

## OPINION

By THE COURT.

This is a law appeal from a judgment of the Common Pleas Court dismissing the petition for a divorce at the close of the plaintiff's case because of the lack of corroborating evidence and awarding a divorce and alimony to the defendant-appellee on her cross-petition based upon gross neglect of duty and extreme cruelty. We shall refer to the parties as they appeared in the trial court.

The record reveals that the plaintiff's testimony consisted of two charges against the defendant, to wit:

(1) That the defendant was a "frigid woman with an oedipus complex."

(2) That she failed to keep the home neat and clean.

He described the first charge in detail which related to their sexual life and stated that he found it to be "rather repulsive." Counsel and the parties are familiar with this testimony and we deem it neither necessary nor proper to again restate it. The question presented is whether or not evidence of this character supports the charge of gross neglect. We do not think it does, but may be some support when the divorce is sought upon the grounds of extreme cruelty. In a charge of this character corroboration of course is not possible and hence should not be expected. It will be noted that the plaintiff himself testified that he found her conduct "rather repulsive" which relates to a mental condition.

The only corroborating evidence on the neglect of duty charge was that of one witness who had been employed for a short time in the home by the defendant and who testified as to the conditions there when the employment began. On page 40 of the record she was asked the following:

"Q. When you came out there what shape was the place in as far as cleanliness and orderliness was concerned?

"A. It could have been a little cleaner but I took my own equipment to use.

"Q. Why did you take your own equipment?

"A. Because it is a custom of mine to do that.

"Q. Was the equipment clean or dirty?

"A. Well, I can't say that the equipment there was—I can't say too much about it because I didn't have time to look after all of it."

The foregoing is all of the coroborating evidence found in the record which tends in any way to support the plaintiff's charge that the defendant was a poor housekeeper and therefore guilty of gross neglect of duty.

For the purpose of the motion to dismiss, the court had to assume the truth of all the evidence supporting the charge, but in so doing it does not appear to this court that the corroboration was sufficiently definite to sustain a charge of gross neglect of duty. This term is not possible of precise definition, but when asserted the trial court has a broad discretion in interpreting the term. **Buess v. Buess, 89 Oh Ap 37, 100 N. E. 2d 646.** It is elusive of concrete definition and its application as a cause for granting a divorce must depend upon the circumstances of the particular case. **Porter v. Lerch, 129 Oh St 47.**

We are of the opinion that the court properly exercised its discretion in determining that the corroborating evidence required under §3105.11 R. C., was not sufficient to establish the ground for divorce set forth in the petition.

It is next urged that the court erred in awarding to the defendant the property located at 4210 East Broad Street as alimony. The record reveals that the said property awarded to the defendant cost approximately $35,000.00 in addition to the lot; that it was used as a home and also as a party house in which the business of catering and entertaining large groups of people was conducted. The building was jointly owned by the parties, constructed by them and approximately one-third of the cost of the same was paid by the defendant who also paid certain other personal obligations of the plaintiff.

It appears further that the plaintiff owned a drugstore, the value of which is indefinite, and also an apartment building which was sold on a land contract for $24,000.00, no part of which was given to this defendant. The property decreed to the defendant had an outstanding mortgage against it in the sum of $12,900.00 and also the taxes for the year 1955 were unpaid. These were encumbrances against the property all of which must be paid by the defendant.

Sec. 3105.18 R. C., provides:

"The court of common pleas may allow alimony as it deems reasonable to either party, having due regard to property which came to either by their marriage, the earning capacity of either and the value of real and personal estate of either, at the time of the decree.

"Such alimony may be allowed in real or personal property, or both, or by decreeing a sum of money, payable either in gross or by installments, as the court deems equitable."

It will be observed that this statute provides that the alimony award must be reasonable. This requires the exercise of a discretion based upon the evidence. The decree will not be disturbed unless it is made to appear manifestly and clearly that the judgment is unsupported by the evidence or is against the weight of the evidence. **17 O. Jur. 2d, p. 746, Section 285.** We are of the opinion that the alimony decree awarded to the defendant is supported by the evidence and in accordance with §3105.18 R. C.

Finally, counsel urge that the journal entry differs in certain respects from the written decision of the trial judge. It is fundamental that a court speaks through its journal, and not its written decision, and in case of a conflict the former shall control. Counsel for the

appellant called the judge's attention to the alleged discrepancy in his motion for a new trial, which was overruled. Therefore, it must be determined that the entry correctly reflects the intention of the court.

We find no prejudicial error in the record and the judgment will be affirmed.

PETREE, PJ, BRYANT and MILLER, JJ, concur.